UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14061-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NAT LEON LANE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON THE
PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

**THIS CAUSE** came before me for an evidentiary hearing on the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (DE 65). Having considered the evidence, I recommend that Defendant be found to have violated his supervised release with respect to the allegations contained in Violation Number 2. I recommend dismissal of Violation Number 1.

    1.    Defendant appeared for a detention hearing on June 9, 2021. After the hearing, Defendant indicated – through counsel – that he had no objection to the Court relying on the detention hearing testimony as the entirety of the evidence for purposes of the Final Hearing. As a result, my findings for this Report and Recommendation are based on evidence adduced at the detention hearing on June 9, 2021.

    2.    The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed

to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I found that his waiver of in person appearance and consent to proceed through videoconference was knowing and voluntary. I also found, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the hearing could not be further delayed without serious harm to the interests of justice.

3. The Petition alleges the following violations of supervised release:

**Violation Number 1** — **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On or about April 27, 2021, the defendant was questioned about the extent of his contact with a minor. During that inquiry the defendant failed to answer truthfully by intentionally omitting information from his probation officer as evidenced by his subsequent admission to United States Probation Officer Robert Tango that he was initially untruthful about the date he began his contact with the minor.

**Violation Number 2** — **Violation of Special Condition**, by having personal, mail, telephone, or computer contact with children/minors under the age of 18, or with any victim in this case. On multiple occasions between mid-to-late March 2021 and April 17, 2021, the defendant had either personal, or telephone, contact with children/minors under the age of 18 as evidenced by his admission to United States Probation Officer Robert Tango.

4. The Government called United States Probation Officer Robert Tango to testify. Officer Tango testified that Defendant was advised of the terms and conditions of his supervised release. The Defendant indicated that he fully understood the conditions and would abide by them. Officer Tango testified that Defendant, a sex offender who served eight years in custody for child pornography offenses, contacted a sixteen year old minor, in person and over text, on multiple occasions, and made several sexually explicit comments to her. Officer Tango's testimony is

based, in part, on admissions Defendant made to Officer Tango during an interview. Defendant told Officer Tango that he met the minor while she was working at a Subway restaurant; he waited until he knew she was at work alone to call the restaurant and say he lost his wallet (he did not actually lose his wallet); when she told him no wallet was located, he exchanged phone numbers with her and began texting her daily; and he went to see her at the Subway in person on at least four occasions. Defendant testified during the hearing. Defendant acknowledged that at least some of his comments to the minor were sexually explicit in nature, but Defendant claims he did not know the minor's age when he made these comments to her. Defendant testified that when he asked the minor her age she replied that "a lady never tells her age." Officer Tango testified, however, that during a forensic interview the minor said she told Defendant her age and he said something to the effect of "just two more years then," but continued contacting her and making sexually explicit comments to her.

5. Having heard Defendant's testimony and observed his demeanor, I do not find his statements that he did not know the minor's age when he concocted a ruse to obtain her number, continually visited and texted her, and made sexually explicit comments to her to be credible. At any rate, Defendant's knowledge of the minor's age is not dispositive. Defendant is prohibited from having contact with minors. He violated that prohibition. I have considered the evidence and find that it establishes by a preponderance of the evidence that Defendant committed Violation Number 2.

6. I do not, however, find that the Government has proved by a preponderance of the evidence that Defendant has committed Violation Number 1. Violation Number 1 alleges that Defendant was untruthful with Officer Tango about the date on which he began communicating with the minor. Officer Tango testified that when he met with Defendant at the Probation office

on April 27, 2021, Defendant said he first contacted the minor at her place of employment in mid-to-late March 2021.  Later, during the same interview, Defendant said they began communicating after the first encounter in mid-to-late March 2021.  I do not find any significant inconsistency between the two statements.  Thus, I recommend that Violation Number 1 be dismissed.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Number 2.  I recommend that Violation Number 1 be dismissed. I further recommend that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 22nd day of June, 2021.

                                          SHANIEK M. MAYNARD
                                          UNITED STATES MAGISTRATE JUDGE